1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA**

10       **SOUTHERN DIVISION**

11

| | |
|---|---|
| | )   **Case No.: SACV 14-01477-CJC(JCGx)** |
| **ROBERT MCGEE, an individual, and SUZANNE MCGEE, an individual,** | ) |
| | ) |
| Plaintiffs, | )   **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | ) |
| **SUNTRUST MORTGAGE INC., et al.,** | ) |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiffs Robert and Suzanne McGee bring this action against Defendants Suntrust Mortgage Inc. ("Suntrust"), U.S. Bank, N.A., as Trustee of the BAFC 2007-7 ("U.S. Bank") (together with Suntrust, "Defendants"), and MTC Financial Inc. d/b/a Trustee

-1-

Corps ("Trustee Corps") for violations of California's Homeowners Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2920–2944, breach of the implied covenant of good faith and fair dealing, violations of the California Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), negligence, intentional misrepresentation, negligent misrepresentation, and quiet title.  The current operative complaint is the Second Amended Complaint, which was filed January 13, 2016.  Before the Court is Defendants' motion to dismiss. (Dkt. 37.)  For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.[1]

## II.  BACKGROUND

This is a mortgage dispute.  In May 2007, Plaintiffs obtained a loan for $629,300, secured by a deed of trust in their home (the "Property").  (Dkt. 33 ("Second Amended Complaint" ("SAC")) ¶ 11.)  The lender on the loan was Suntrust.  (*Id.*)  Plaintiffs subsequently defaulted on the loan.  In August 2011, Suntrust transferred the loan to U.S. Bank, and in October 2011, Defendant Trustee Corps recorded a Notice of Default against the Property.  (*Id.* ¶ 15.)  On July 9, 2014, Trustee Corps recorded a Notice of Trustee's Sale against the Property, scheduling a foreclosure sale for August 11, 2014. (*Id.* ¶ 17.)  Plaintiffs then submitted an application for a loan modification to Suntrust on July 24.  (*Id.* ¶ 18.)  They allege that Suntrust lost the application, and they were required to resubmit it on August 1, 2014.  (*Id.* ¶ 20.)  On August 8, 2014, Suntrust informed Plaintiffs that no additional documents for their modification application were required, and that the foreclosure sale which had been scheduled for August 11, 2014 would be postponed.  (*Id.*)

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 29, 2016 at 1:30 p.m. is hereby vacated and off calendar.

Plaintiffs believe that the Property was nonetheless sold to Suntrust on August 11, 2014, even though their loan modification application was under consideration at the time.  Based on the allegedly unlawful sale, they bring causes of action for (1) violations of Cal. Civ. Code § 2924(a)(6); (2) violations of Cal. Civ. Code § 2923.6(c); (3) violations of Cal. Civ. Code § 2923.5 and/or § 2923.55; (4) Cal Civ. Code § 2924.17(a); (5) breach of the implied covenant of good faith and fair dealing; (6) violations of the California Rosenthal Fair Debt Collections Practice Act, Cal. Civ. Code §§ 1788 *et seq.*; (7) negligence; (8) intentional misrepresentation; (9) negligent misrepresentation; and (10) quiet title.

Defendants Suntrust and U.S. Bank moved to dismiss in November 2015.  The Court granted their motion with leave to amend so that Plaintiffs could resolve jurisdictional issues surrounding Trustee Corps's citizenship.  (*See* Dkt. 32.)  Plaintiffs submitted their SAC on January 13, and Defendants again moved to dismiss on January 27.  (*See* Dkt. 37.)

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  The district court may also consider additional facts in

materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## IV. ANALYSIS

### A. Jurisdiction

The parties disagree as to whether this Court has subject-matter jurisdiction over this action.  At issue is the question whether the parties are completely diverse.  Plaintiffs are California citizens.  When this action was removed, the only defendant was Suntrust—a Virginia citizen.  The FAC added Defendants U.S. Bank, who Defendants allege is a Minnesota citizen, (Dkt. 37 at 4 n.1), and Trustee Corps, who is a California citizen.  Ordinarily, after an action has been removed to federal court and a "plaintiff seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In this case, however, Suntrust argues that Trustee Corps is a nominal defendant whose citizenship should be disregarded for the purposes of determining diversity jurisdiction, *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  This is so, Suntrust says, because Plaintiffs and Trustee Corps signed a stipulation awarding Trustee Corps' "non-monetary status" in this action.  (Dkt. 23.)  The stipulation notes that Trustee Corps has been named in this action "solely in its capacity as trustee" and "not . . . due to any acts or omissions on its part in the performance of its duties as trustee."  (Dkt. 23 at 1.)  Additionally, Plaintiffs agreed in the stipulation not to seek "any monetary awards for damages, attorneys' fees and/or costs" against Trustee Corps.  (*Id.*)


        "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder."  *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).  Trustees are commonly found to be nominal parties.  *See S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) ("The paradigmatic nominal defendant is a trustee, agent or depositary . . . [who is] joined purely as a means of facilitating collection.")  The propriety of Trustee Corps' joinder is obvious, since it is alleged to have foreclosed on Plaintiffs' home.  But Plaintiffs have clarified that Trustee Corps only "remains as a party in order to ensure that the [C]ourt's order will be binding upon it, and for evidentiary purposes."  (SAC ¶ 7.)  Trustee Corps therefore plainly has nothing at stake in this litigation and is properly considered a nominal party whose citizenship may be disregarded for the purposes of determining diversity jurisdiction.  As the remaining parties are completely diverse, the Court concludes that it has jurisdiction under 28 U.S.C. § 1332.

//
//

### B.  Plaintiffs' Causes of Action

#### 1.  Cal. Civ. Code § 2924(a)(6)

Plaintiffs' first cause of action, which they style "Lack of Standing to Initiate and Prosecute a Foreclosure" is for a violation of Cal. Civ. Code § 2924(a)(6).  Plaintiffs' theory of the violation is this: a Notice of Default was recorded against the Property on October 12, 2011 by Trustee Corps.  (FAC ¶ 29.)  However, at the time the Notice of Default was recorded, Trustee Corps had not been substituted as a trustee under the Deed of Trust.  (*Id.*)  Accordingly, Plaintiffs argue, the Notice of Default was "defective and inoperative" under § 2924(a)(6), which says that "[n]o entity shall record or cause a notice of default to be recorded . . . unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest."  Suntrust responds by arguing that there is no private right of action under § 2924(a)(6), and that in any event, Plaintiffs have not alleged a violation of that section because they fail to allege that Trustee Corps was not an *agent* for U.S. Bank (who then held the interest in the property) when it recorded the Notice of Default.

Courts are split on the question whether § 2924(a)(6) authorizes a private right of action.  *Maomanivong v. Nat. City Mortg. Co.*, No. C-13-05433 DMR, 2014 WL 4623873, at *5 (N.D. Cal. Sept. 15, 2014) (collecting cases).  The Court need not canvass the disagreement or attempt to resolve the differing views, however, because even assuming that the statute *does* authorize a private right of action, Plaintiffs have not alleged a violation of it.  As Suntrust notes, it is perfectly permissible for an agent to record a Notice of Default and then later be substituted as a trustee.  *Elliott v. Mortg. Elec. Registration Sys., Inc.*, No. 12-CV-4370 YGR, 2013 WL 1820904, at *2 (N.D. Cal. Apr. 30, 2013) ("[T]he allegation that the substitution of trustee had not been recorded at

the time of the notice of default is of no effect, since there is not a requirement that it be recorded prior to that time."). In fact, California law specifically contemplates situations where "the substitution [of trustee] is effected after a notice of default has been recorded but prior to the recording of the notice of sale." § 2934a(b). Plaintiffs have not alleged that Trustee Corps was not an agent of U.S. Bank at the time it recorded the Notice of Default, so they have not alleged a violation of § 2924(a)(6), even assuming that a private right to do so exists. The first cause of action is therefore DISMISSED.

### 2.  Cal. Civ. Code § 2923.6

Plaintiffs' second cause of action alleges a violation of § 2923.6(c), which prohibits mortgage servicers from recording a notice of default or notice of sale, or conducting a trustee's sale, while a complete first lien loan modification application is pending (or "dual tracking"). Plaintiffs allege that they submitted a complete loan modification application to Suntrust on July 24, 2014, and then again on August 1, 2014, but that Suntrust nonetheless initiated a foreclosure sale on August 11, 2014, in violation of § 2923.6(c).

Under § 2923.6, a loan modification application is only "complete" when "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." § 2924.6(h). Suntrust argues that the dual tracking cause of action should be dismissed because Plaintiffs' loan modification was not complete as of August 11, 2014— apparently, Suntrust argues, because Suntrust had not *said* it was complete. But Plaintiffs allege that they were told by Suntrust on August 8, 2014 that "no additional documents were needed" for their application, and again on August 11, 2014 that the application was in underwriting, apparently indicating that Suntrust had the documents it needed. (SAC

¶¶ 18–20.)  These allegations, combined with the subsequent foreclosure sale, are sufficient to state a claim under § 2923.6.

Suntrust also argues that the dual tracking cause of action should be dismissed because § 2923.6 does not apply to borrowers who have already been evaluated for a first lien loan modification absent a material change in financial circumstances.  *See* § 2923.6(g) ("In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification[.]").  Here, Plaintiffs admit that they have been in default since October 2011, but they do not allege that they were ever evaluated for a first lien loan modification.  If they were, Suntrust may well prevail at summary judgment on Plaintiffs' § 2923.6 claim.  But the Court cannot conclude at this early pleading stage that Plaintiffs were evaluated, or were afforded a fair opportunity to be evaluated, for a first lien loan modification.  Accordingly, Defendants' motion to dismiss is DENIED as to the second cause of action.

### 3.  Cal. Civ. Code §§ 2923.5 and 2923.55

Plaintiffs' third cause of action is for violations of Cal. Civ. Code §§ 2923.5 and 2923.55, which forbid mortgage servicers from recording notices of default before fulfilling certain statutory requirements.  Plaintiffs allege that Defendants failed to comply with § 2923.55(b)(2), which requires servicers to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  They say that Defendants never contacted them, and that they had to initiate contact with Defendants.  (SAC ¶ 44.)  Additionally, they allege that rather that "explor[ing] options for the borrower to avoid foreclosure," Defendants merely "suggested that Plaintiffs apply for a loan modification" and failed to

enumerate any other foreclosure alternatives, such as short sales.  (*Id.* ¶ 45.)  Defendants argue that they *did* in fact contact Plaintiffs, and that a declaration attached to the Notice of Default proves it.  But it is Plaintiff's version of the facts that controls at this procedural stage, and taking the facts as pleaded in the SAC as true, Plaintiffs have adequately pleaded a violation of § 2923.55.[2]  Accordingly, Defendants' motion to dismiss is DENIED as to Plaintiffs' third cause of action.

### 4.  Cal. Civ. Code § 2924.17

Plaintiffs' fourth cause of action is for violations of Cal. Civ. Code § 2924.17, which requires notices of default to be "accurate and complete and supported by competent and reliable evidence."  § 2924.17(a).  The Notice of Default recorded on Plaintiffs' home contained a declaration that Defendants had complied with § 2923.55 in contacting Plaintiffs and discussing alternatives to foreclosures.  Having successfully pleaded that Defendants failed to do so, Plaintiffs have pleaded a violation of § 2924.17.[3]  Accordingly, Defendants' motion to dismiss is DENIED as to Plaintiffs' fourth cause of action.

### 5.  Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' fifth cause of action is for breach of the implied covenant of good faith and fair dealing.  "[T]o state a claim for breach of the implied covenant of good faith and

---

[2]  In their reply brief, Defendants argue that this claim fails because the factual background for it precedes the enactment of HBOR, and HBOR does not apply retroactively, *see Rockridge Trust v. Wells Fargo N.A.*, 985 F. Supp. 2d. 1110, 1152 (N.D. Cal. 2013).  That may be.  But Defendants did not make this argument until their reply brief, and Plaintiffs therefore had no opportunity to respond to it.  The Court will therefore disregard it for the purposes of this motion.

[3]  Here again this cause of action may be impacted by HBOR's retroactivity rules, but Defendants did not make any argument to that effect until their reply brief.

fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1156 (N.D. Cal. 2013). None of Plaintiffs' allegations regarding their implied covenant claim mention any specific contractual provisions at all, nor how Defendants' actions allegedly frustrated those provisions. (*See* SAC ¶¶ 59–67.) This cause of action is therefore DISMISSED.

### 6. RFDCPA

Plaintiffs' sixth cause of action is for violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.* The RFDCPA "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1. "[A] residential mortgage is not a debt and a home foreclosure is not debt collection" within the meaning of the RFDCPA. *Fuentes v. Duetsche Bank*, No. 09 CV 502 JM(PCL), 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009); *see also Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1114 (N.D. Cal. 2014) ("[T]he overwhelming majority of courts within the Ninth Circuit have concluded that nonjudicial foreclosures do not constitute debt collection" under the federal FDCPA). Because Plaintiffs do not allege any debts aside from their mortgage, or debt collection aside from the foreclosure of their home, they have not stated a claim under the RFDCPA, and this cause of action is DISMISSED.

### 7. Negligence

Plaintiffs' seventh cause of action is for negligence. They allege that once Defendants accepted their application for a loan modification, they had an obligation to handle that application with due care, and that they failed to do so. Defendants respond that there is no general duty of care that arises from the acceptance of a loan modification

because "[a]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991).  In fact, district courts in this state are divided on the question whether accepting documents for a loan modification is within the scope of a lender's conventional role as a mere lender of money.  A handful of courts have held that once a lender accepts a loan modification application, it owes the borrower a duty of care as to the proper handling of that application.  *See*, *e.g.*, *Garcia v. Ocwen Loan Servicing, LLC*, No. C 10-0290 PVT, 2010 WL 1881098, at *3 (N.D. Cal. May 10, 2010) (finding a duty of care where a lender routed a loan modification application to the wrong department and the borrower's house was subsequently sold); *Bowman v. Wells Fargo Home Mortg.*, Case No. 13-cv-05850-MEJ, 2014 WL 1921829, at *6 (N.D. Cal. May 13, 2014) (holding that a financial institution "exceed[s] its role as a money lender once it accepts an application for a loan modification, and is thus subject to a standard of reasonable care in handling the application").  However, "[n]umerous cases have characterized a loan modification as a traditional money lending activity," warranting application of the normal rule that lenders do not owe borrowers a duty of care.  *Settle v. World Sav. Bank, F.S.B.*, No. ED CV 11-00800 MMM (DTBx), 2012 WL 1026103, at *8 (C.D. Cal. Jan. 11, 2012).  Indeed, the weight of authority seems to be that accepting documents for a loan modification does not give rise to a duty of care.  *See*, *e.g.*, *id.*; *Carbajal v. Wells Fargo Bank, N.A.*, No. CV 14-7851 PSG (PLAx), 2015 WL 2454054, at *6 (C.D. Cal. Apr. 10, 2015) ("The Court fails to discern how considering an application for the renegotiation of loan terms could fall outside the scope of a lender's conventional role as a lender of money."); *Guillermo v. Caliber Home Loans, Inc.*, No. C 14-04212 JSW, 2015 WL 1306851, at *5–7 (N.D. Cal. Mar. 23, 2015) (no general duty to review loan modification applications with due care).  This Court has considered the question before and has sided with this latter set of courts, determining that "to plead the duty of care necessary to maintain an action for negligence" in the loan

modification context, a plaintiff must "allege facts plausibly suggesting that [a defendant] acted outside its conventional role as a money lender." *Okada v. Bank of Am., N.A.*, SACV 15-00981-CJC(Ex), 2015 WL 5556937, at *4 (C.D. Cal. Sep. 16, 2015) (Carney, J.). Plaintiffs have not done so, and their cause of action for negligence is DISMISSED.

## 8. Intentional and Negligent Misrepresentation

Plaintiffs' eighth and ninth causes of action are for intentional and negligent misrepresentation, respectively. Under California law, the elements of a negligent misrepresentation claim are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs.*, 171 Cal. App. 4th 35, 50 (Cal. Ct. App. 2009). A claim for intentional misrepresentation requires these same elements, as well as knowledge of falsity on the part of the defendant. *Cisco Sys., Inc. v. STMicroelectronics, Inc*, No. C-14-03236RMW, 2014 WL 7387962, at *4 (N.D. Cal. Dec. 29, 2014). Both claims for intentional and negligent misrepresentation must be pleaded in accordance with the heightened requirements of Federal Rule of Civil Procedure 9(b), which requires stating "the who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiffs allege that on August 8, 2014, "Rashon" at Suntrust misrepresented that no additional documents were needed for their loan modification application and that the foreclosure sale formerly scheduled for August 11 had been postponed. (SAC ¶ 91.) They also allege that on August 11, "Sharon Gage" at Suntrust represented that there was "no sale date" scheduled. (SAC ¶ 92.) Since Plaintiffs allege that Defendants went on to conduct a foreclosure sale on August 11, (SAC ¶ 24), they have adequately alleged the

first element: a misrepresentation.  Plaintiffs have failed to allege, however, any facts related to reliance.  They do not allege any facts plausibly suggesting that Defendants intended to induce their reliance, nor that Plaintiffs actually justifiably relied on Defendants' misrepresentations.  All Plaintiffs have to say about reliance is that "Suntrust . . . intended Plaintiffs to rely on the representations, so that Plaintiffs would not take other measure to prevent the sale of their home," and that Plaintiffs did not in fact "take any action to protect their property from foreclosure."  (SAC  ¶¶ 96–97.)  But this is the functional equivalent of simply reciting the elements of a claim for fraud.  Plaintiffs do not identify any actions they could have taken to protect their home from foreclosure on the day of the sale, nor do they provide any plausible explanation for why Defendants induced them to forego those actions.  In short, Plaintiffs have not alleged that Defendants induced their reliance or that they actually relied on Defendants' alleged misrepresentations, and their causes of action for negligent and intentional misrepresentation are DISMISSED.

### 9.  Quiet Title

Plaintiffs' final cause of action is for quiet title.  "A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or the deed of trust is based.  The cloud on title remains until the debt is paid." *Lueras v. BAC Home Loans Serv., LP*, 221 Cal. App. 4th 49, 86 (Cal. Ct. App. 2013). Here, Plaintiffs have not alleged that they have tendered the outstanding debt—indeed, they have been in default for several years—so they may not quiet title.

Plaintiffs argue that they are not required to tender in this instance because such a requirement would be "inequitable."  But although courts occasionally do not require tender when a borrower is seeking to enjoin a *foreclosure*, Plaintiffs are not seeking to prevent a foreclosure sale.  They are seeking to quiet title, and that they "cannot do

without paying the outstanding indebtedness." *Lueras*, 221 Cal. App. 4th at 87. Plaintiffs' cause of action for quiet title is therefore DISMISSED.

**IV.  CONCLUSION**

For the foregoing reasons, Defendants' motion is GRANTED IN PART AND DENIED IN PART.  Plaintiffs' causes of action for violations of Cal. Civ. Code § 2924(a)(6), breach of the implied covenant of good faith and fair dealing, violations of the RFDCPA, negligence, intentional misrepresentation, negligent misrepresentation, and quiet title are all DISMISSED WITHOUT PREJUDICE.  Plaintiffs are granted leave to amend and shall have 30 days from the issuance of this Order to file a Third Amended Complaint.

DATED:     February 25, 2016

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE