UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| ROBERT MCGEE, an individual, and SUZANNE MCGEE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST MORTGAGE INC., et al.,<br><br>Defendants. | Case No.: SACV 14-01477-CJC(JCGx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiffs Robert and Suzanne McGee bring this action against Defendants Suntrust Mortgage Inc. ("Suntrust"), U.S. Bank, N.A., as Trustee of the BAFC 2007-7 ("U.S. Bank") (together with Suntrust, "Defendants"), and MTC Financial Inc. d/b/a Trustee

Corps ("Trustee Corps") for violations of California's Homeowners Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2920–2944, negligence, intentional misrepresentation, negligent misrepresentation, and quiet title. The current operative complaint is the Third Amended Complaint, which was filed March 24, 2016. Before the Court is Defendants' motion to dismiss. (Dkt. 46.) For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.[1]

## II. BACKGROUND

This is a mortgage dispute. In May 2007, Plaintiffs obtained a loan for $629,300, secured by a deed of trust in their home (the "Property"). (Dkt. 45 ("Third Amended Complaint" ("TAC")) ¶ 11.) The lender on the loan was Suntrust. (*Id.*) Plaintiffs subsequently defaulted. In August 2011, Suntrust transferred the loan to U.S. Bank, and in September 2011, Defendant Trustee Corps recorded a Notice of Default against the Property, acting as "Agent for the Trustee or Beneficiary." (*Id.* ¶¶ 15–16; *see also id.* Exh. 3; *id.* Exh. 4.) On October 12, 2011, Trustee Corps, again acting as an agent, recorded a second Notice of Default against the property, subsequently filing a Notice of Rescission that rescinded the first Notice of Default. (*Id.* ¶¶ 16–18.) In June 2013, a substitution of trustee under the Deed of Trust was recorded by Suntrust, substituting Trustee Corps in as trustee. (*Id.* ¶ 19.)

On July 9, 2014, Trustee Corps recorded a Notice of Trustee's Sale against the Property, scheduling a foreclosure sale for August 11, 2014. (TAC ¶ 21.) Plaintiffs then submitted an application for a loan modification to Suntrust on July 24. (*Id.* ¶ 22.) They allege that Suntrust lost the application, and they were required to resubmit it on August

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 23, 2016 at 1:30 p.m. is hereby vacated and off calendar.

1, 2014. (*Id.* ¶ 23.) On August 8, 2014, Suntrust informed Plaintiffs that no additional documents for their modification application were required, and that the foreclosure sale which had been scheduled for August 11, 2014 would be postponed. (*Id.* ¶ 24)

Plaintiffs believe that the Property was nonetheless sold to Suntrust on August 11, 2014, even though their loan modification application was under consideration at the time, and despite Defendants' representations to Plaintiffs that the foreclosure sale had been called off. Based on this allegedly unlawful sale, Plaintiffs bring causes of action for (1) violations of Cal. Civ. Code § 2924(a)(6); (2) violations of Cal. Civ. Code § 2923.6(c); (3) violations of Cal. Civ. Code § 2923.5 and/or § 2923.55; (4) Cal Civ. Code § 2924.17(a); (5) negligence; (6) intentional misrepresentation; (7) negligent misrepresentation; and (8) quiet title.

Defendants Suntrust and U.S. Bank moved to dismiss in November 2015. The Court granted their motion with leave to amend so that Plaintiffs could resolve jurisdictional issues surrounding Trustee Corps' citizenship. (*See* Dkt. 32.) Plaintiffs submitted their SAC on January 13, and Defendants again moved to dismiss on January 27. (*See* Dkt. 37.) The Court granted that motion in part and denied it in part, again granting Plaintiffs' leave to amend. (*See* Dkt. 44.) Plaintiffs filed their TAC, and Suntrust and U.S. Bank have again moved to dismiss, this time targeting all of Plaintiffs' claims except for their claim for violation of Cal. Civ. Code § 2924.6 (which the Court in February found to have been adequately pleaded). (Dkt. 46.)

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the

claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). The district court may also consider additional facts in materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

//
//
//
//

-4-

## IV. ANALYSIS

### A. Cal. Civ. Code § 2924(a)(6)

Plaintiffs' first cause of action, which they style "Lack of Standing to Initiate and Prosecute a Foreclosure," is for a violation of Cal. Civ. Code § 2924(a)(6). Plaintiffs' theory of the violation is this: a Notice of Default was recorded against the Property on October 12, 2011 by Trustee Corps. (FAC ¶ 29.) However, at the time the Notice of Default was recorded, Trustee Corps had not been substituted as a trustee under the Deed of Trust. (*Id.*) Accordingly, Plaintiffs argue, the Notice of Default was "void and defective" under § 2924(a)(6), which says that "[n]o entity shall record or cause a notice of default to be recorded . . . unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Suntrust responds by arguing that there is no private right of action under § 2924(a)(6), and that in any event, Plaintiffs have not alleged a violation of that section because they fail to allege that Trustee Corps was not an *agent* for the trustee or beneficiary when it recorded the Notice of Default.

As the Court noted when it dismissed this claim in February, courts are split on whether § 2924(a)(6) authorizes a private right of action. *Maomanivong v. Nat. City Mortg. Co.*, No. C-13-05433 DMR, 2014 WL 4623873, at *5 (N.D. Cal. Sept. 15, 2014) (collecting cases). The Court need not canvass the disagreement or attempt to resolve the differing views, however, because even assuming that the statute *does* authorize a private right of action, Plaintiffs have not alleged a violation of it. As Suntrust notes, it is perfectly permissible for an agent to record a Notice of Default and then later be substituted as a trustee. *Elliott v. Mortg. Elec. Registration Sys., Inc.*, No. 12-CV-4370 YGR, 2013 WL 1820904, at *2 (N.D. Cal. Apr. 30, 2013) ("[T]he allegation that the

substitution of trustee had not been recorded at the time of the notice of default is of no effect, since there is not a requirement that it be recorded prior to that time."). In fact, California law specifically contemplates situations where "the substitution [of trustee] is effected after a notice of default has been recorded but prior to the recording of the notice of sale." Cal. Civ. Code § 2934a(b). That is precisely what happened here: Trustee Corps recorded the Notice of Default as an authorized agent, was later substituted in as trustee, and then recorded the Notice of Sale.

Plaintiffs' TAC argues that "there is no evidence that [Trustee Corps] was in fact an authorized agent of the beneficiary" at the time the Notice of Default was recorded. (TAC ¶ 16.) But first, the Notices of Default assert that Trustee Corps was acting "as Agent for the Trustee or Beneficiary." (TAC Exh. 3; *id.* Exh. 4.) And second, it is not Trustee Corps' responsibility, at this procedural stage, to present evidence that it was in fact an agent of the trustee or beneficiary. It is *Plaintiffs'* responsibility to allege *facts* plausibly suggesting that it was not. No such facts exist in the TAC, so Plaintiffs have not alleged a violation of § 2924(a)(6), even assuming that a private right to do so exists. The first cause of action is therefore DISMISSED.

**B. Cal. Civ. Code §§ 2923.5 and 2923.55**

Plaintiffs' third cause of action is for violations of Cal. Civ. Code §§ 2923.5 and 2923.55, which forbid mortgage servicers from recording notices of default before fulfilling certain statutory requirements. Plaintiffs specifically allege that Defendants failed to comply with § 2923.55(b)(2), which requires servicers to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." They say that Defendants never contacted them, and that they had to initiate contact with Defendants. (TAC ¶ 50.) Additionally, they allege that rather that "explor[ing] options for the borrower to avoid foreclosure,"

Defendants merely "suggested that Plaintiffs apply for a loan modification" and failed to enumerate any other foreclosure alternatives, such as short sales. (*Id.* ¶ 51.)

Section 2923.55 was enacted in 2013, after the relevant notice of default was recorded here, and that section is non-retroactive, so Plaintiffs may not rely on it. *Rockridge Trust v. Wells Fargo N.A.*, 985 F. Supp. 2d. 1110, 1152 (N.D. Cal. 2013). The version of that statute that was in effect at the relevant time, § 2923.5, also required services to contact borrowers to explore foreclosure avoidance options before recording a notice of default. *See* Cal. Civ. Code § 2923.5 (repealed Jan. 1, 2013). However, as Defendants point out, the *sole* remedy for a violation of that section "is a simple postponement of the foreclosure sale, nothing more." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (Cal. Ct. App. 2010). As Plaintiffs have alleged that a foreclosure sale has already been conducted in this case, they no longer have any remedy for a violation of § 2923.5, and their claim under that section is DISMISSED. *Thompson v. Residential Credit Solutions, Inc.*, No. CIV. 2:11-2261 WBS DAD, 2012 WL 260357, at *3 (N.D. Cal. Jan. 26, 2012) (dismissing a § 2923.5 claim "[s]ince the foreclosure sale ha[d] already occurred").

### C.  Cal. Civ. Code § 2924.17

Plaintiffs' fourth cause of action is for violations of Cal. Civ. Code § 2924.17, which requires notices of default to be "accurate and complete and supported by competent and reliable evidence." § 2924.17(a). The Notice of Default recorded on Plaintiffs' home contained a declaration that Defendants had complied with § 2923.5 in contacting Plaintiffs and discussing alternatives to foreclosures, and Plaintiffs allege that this representation was false.

Section 2924.17 did not exist at the time that Defendants recorded a Notice of Default on Plaintiffs' home, and it does not operate retroactively. *Rockridge Trust*, 985 F. Supp. 2d at 1152; *Paulhus v. Fay Servicing, LLC*, Civ. No. 2:14-736 WBS AC, 2014 WL 2453091, at *4 ("[S]ection 2924.17 does not apply retroactively to Notices of Default recorded before 2013."). The relevant Notice(s) of Default in this case were recorded in 2011. Accordingly, Plaintiffs have failed to state a claim for a violation of § 2924.17, and their fourth cause of action is DISMISSED.

### D. Negligence

Plaintiffs' fifth cause of action is for negligence. Under California law, a claim of negligence requires "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996). Here, Plaintiffs allege that on May 1, 2014, they sent a "qualified written request" ("QWR") to Suntrust requesting certain information about their loan. (*See* TAC Exh. 7); *see also* 12 U.S.C. § 2605(e)(1) (providing that mortgage servicers who receive QWRs from borrowers are required to respond and provide the requested information).[2] Suntrust, Plaintiffs say, never sent them any response at all, and therefore breached its legal duty under § 2605 to respond to their QWR.

Plaintiffs continue by alleging that without the requested information, Plaintiffs were "unable to determine how much they actually owed, if anything; and to whom it was owed," and therefore they were "unable to take steps to protect their property from foreclosure," by, for example, refinancing their loan, filing for bankruptcy, or filing a lawsuit. (TAC ¶ 72.) Finally, Plaintiffs say that they suffered damages, including the

---

[2] Section 2605 is contained within the Real Estate Settlement Procedures Act, or "RESPA."

"lost value" of their home, "costs and expenses related to protecting themselves and [their home]," "reduced credit scores," and attorneys' fees. (Dkt. 73.)

By alleging that they submitted a QWR and that Suntrust never responded, Plaintiffs have adequately alleged breach of a duty. And although the Court views with some skepticism the Plaintiffs' claims regarding causation and damages—after all, Plaintiffs had been in default for *three years* by the time they submitted their QWR—courts interpret at least the damages requirement "liberally," *Ash v. OneWest Bank, FSB*, No. 2:09-cv-00974-FCD/DAD, 2010 WL 375744, at *6 (E.D. Cal. Jan. 26, 2010), and the Court is persuaded that Plaintiffs have stated a claim for the purpose of surviving a motion to dismiss. *See also Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (plaintiffs' allegations of "negative credit ratings on their credit report and the inability to obtain and borrow another mortgage loan and other financing" adequately alleged damages for breach of RESPA duties); *Boessenecker v. JPMorgan Chase Bank*, No. 13-0491 C MMC, 2014 WL 107063, at *2 (N.D. Cal. Jan. 10, 2014) (denying motion to dismiss negligence claim based on failure to respond to QWRs under RESPA). Defendant's motion is therefore DENIED as to the claim for negligence.

### E. Intentional and Negligent Misrepresentation

Plaintiffs' sixth and seventh causes of action are for intentional and negligent misrepresentation, respectively. Under California law, the elements of a negligent misrepresentation claim are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs.*, 171 Cal. App. 4th 35, 50 (Cal. Ct. App. 2009). A claim for intentional misrepresentation requires these same elements, as well as

knowledge of falsity on the part of the defendant. *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, No. C-14-03236RMW, 2014 WL 7387962, at *4 (N.D. Cal. Dec. 29, 2014). Both claims for intentional and negligent misrepresentation must be pleaded in accordance with the heightened requirements of Federal Rule of Civil Procedure 9(b), which requires stating "the who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiffs allege that on August 8, 2014, "Rashon" at Suntrust misrepresented that no additional documents were needed for their loan modification application and that the foreclosure sale formerly scheduled for August 11 had been postponed. (TAC ¶ 79.) They also allege that on August 11, "Sharon Gage" at Suntrust represented that there was "no sale date" scheduled. (*Id.* ¶ 80.) Since Plaintiffs allege that Defendants went on to conduct a foreclosure sale on August 11, (*Id.* ¶ 28), they have adequately alleged the first element: a misrepresentation.

Plaintiffs also allege reliance. They assert that had they realized that the foreclosure sale was to proceed, they could have taken a number of actions to protect their home from foreclosure, including "refinancing, filing a complaint, recording a lis pendens, moving for a temporary restraining order, [and] filing bankruptcy." (TAC ¶ 84.) The Court is somewhat troubled that this assertion boils down to the Plaintiffs conceding that they would have taken any means possible, meritorious or not, to forestall foreclosure of their home. But Plaintiffs have adequately alleged a violation of § 2924.6—in other words, that Defendants were barred from foreclosing on Plaintiffs' home while considering a complete loan modification—and on this premise, Plaintiffs may have been able to prevent the foreclosure sale had they been accurately informed that it would proceed. They have therefore pleaded reliance. Similarly, they have adequately pleaded Defendants' intent to induce their reliance. Defendants allegedly informed Plaintiffs that they would not proceed with the sale, knowing that Plaintiffs

were desperately trying to avoid foreclosure, then proceeded with the sale anyway. This raises at least a plausible inference that Defendants intended Plaintiffs to rely on their representations by not undertaking independent legal action, and that Defendants made the relevant misrepresentations with knowledge of their falsity.

The last element of a misrepresentation claim is damages. Here, Plaintiffs plead that their damages include consequences of the allegedly wrongful foreclosure, which they say would not have occurred absent Defendants' misrepresentations. (*See* TAC ¶ 88.) These consequences include the loss of the home itself and reduced credit scores. (*Id.*) These allegations are sufficient. *Henderson v. Chase Home Finance, LLC*, No. CV 09-2461-PHX-JAT, 2010 WL 1962530, at *6 (D. Ariz. May 14, 2010) (denying motion to dismiss negligent misrepresentation claim where plaintiffs had alleged "lowered credit scores" as damages). Accordingly, Plaintiffs have alleged the requisite elements of a misrepresentation claim, and Defendants' motion to dismiss the sixth and seventh causes of action is DENIED.

**F. Quiet Title**

Plaintiffs' final cause of action is for quiet title. "A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or the deed of trust is based. The cloud on title remains until the debt is paid." *Lueras v. BAC Home Loans Serv., LP*, 221 Cal. App. 4th 49, 86 (Cal. Ct. App. 2013). Here, Plaintiffs have not alleged that they have tendered the outstanding debt—indeed, they have been in default for several years—so they may not quiet title.

Plaintiffs argue that they are not required to tender in this instance because such a requirement would be "inequitable." But although courts occasionally do not require tender when a borrower is seeking to enjoin a *foreclosure*, Plaintiffs are not seeking to

prevent a foreclosure sale. They are seeking to quiet title, and that they "cannot do without paying the outstanding indebtedness." *Lueras*, 221 Cal. App. 4th at 87. Plaintiffs' cause of action for quiet title is therefore DISMISSED.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART AND DENIED IN PART. Plaintiffs' causes of action for violations of Cal. Civ. Code § 2924(a)(6), § 2923.5, § 2924.17, and quiet title are all insufficiently pleaded. As Plaintiffs have now had a number of opportunities to plead those claims adequately, and have failed to do so, they are DISMISSED WITH PREJUDICE.

DATED:    May 18, 2016

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE